IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DIN OGAN SHANGO SMITH,<br><br>              Plaintiff,<br><br>     v.<br>OFFICER MCLEON and OFFICER DRAZENOVICH,<br><br>              Defendants. | Case No. 3:23-cv-00245-JMK |

## **ORDER OF DISMISSAL**

On October 23, 2023, self-represented litigant, Din Ogan Shango Smith ("Plaintiff") filed a complaint, civil cover sheet, and an application to waive the filing fee.[1] On October 30, 2023, the Court's Notice of Electronic Filing ("NEF") confirming the receipt and filing of Dockets 1–3 in the above-captioned case was returned to the Court as undeliverable.[2] To date, Plaintiff has not otherwise contacted the Court regarding this case.

As the Court has previously advised, if a plaintiff fails to keep a current address on file with the Court, it may result in a dismissal of the case without further

---

[1] Dockets 1–3.

[2] Docket 5.

notice.[3] The Court may dismiss an action for failure to comply with a local rule[4] or failure to comply with any order of the Court.[5]

Before dismissing a complaint for failure to comply with a court order or local rule, courts in the Ninth Circuit must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6] Though not strictly required, it is "preferred" that a court "make explicit findings in order to show that it has considered these factors."[7]

Having considered these factors, this case must be dismissed. Dismissal without prejudice "minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief."[8] The Court finds no other lesser sanction to be satisfactory or effective in this case.[9]

---

[3] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

[4] *Thompson v. Housing Auth. of L.A.,* 782 F.2d 829, 831 (9th Cir. 1986).

[5] Federal Rule of Civil Procedure 41(b). *See also Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992).

[6] *See Ferdik,* 963 F.2d at 1260–61 (first citing *Thompson v. Housing Auth. of L.A.,* 782 F.2d 829, 831 (9th Cir. 1986); and then citing *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)).

[7] *Id.*

[8] *Alli v. City and County of San Francisco*, 2022 WL 3099222 (N.D. Cal. 2022) (internal citations omitted).

[9] *See, e.g., Henderson,* 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful

Case No. 3:23-cv-00245-JMK, *Smith v. McLeon, et al.*
Order of Dismissal
Page 2 of 3
Case 3:23-cv-00245-JMK   Document 6   Filed 12/20/23   Page 2 of 3

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. All pending motions are **DENIED AS MOOT.**

3. The Clerk of Court shall issue a final judgment.

DATED this 20th day of December 2023, at Anchorage, Alaska.

                                                        */s/ Joshua M. Kindred*
                                                        JOSHUA M. KINDRED
                                                        UNITED STATES DISTRICT JUDGE

---

alternatives) (internal citation omitted); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

Case No. 3:23-cv-00245-JMK, *Smith v. McLeon, et al.*
Order of Dismissal
Page 3 of 3
Case 3:23-cv-00245-JMK   Document 6   Filed 12/20/23   Page 3 of 3